UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x

In re

Jacob Fetman,

Debtor.

Chapter 7

Case no. 15-43716

-----------------------------------------------------x

Aish Hatorah New York, Inc.,

Plaintiff,

-against-

Adv. Proc. No. ________________

Jacob Fetman,

Defendant.

-----------------------------------------------------x

**COMPLAINT OBJECTING TO DISHARGEABILITY**

Aish Hatorah New York, Inc. ("Aish" or "Aish New York") as and for its complaint under 11 U.S.C. §§ 523(a)(2)(A) and (a)(4) objecting to the discharge of Aish New York's claims against Jacob Fetman, respectfully represents as follows.

**BACKGROUND**

1. Plaintiff is objecting to the Debtor's discharge under Bankruptcy Code §§ 523(a)(2)(A) and 523(a)(4).

2. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and Bankruptcy Code § 523.

3. This case is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and 157(b)(2)(J).

**FACTS**

4. Plaintiff is a judgment creditor of the Debtor's, following the state court's confirmation of a $20 million Arbitration Award in favor of Aish, against the Debtor, for his embezzlement from the Plaintiff over the 17 years of his employment there as its CFO.

5. The following factual background is taken from the Decision of Hon. Caroyln E Demarest, Supreme Court, Kings County dated July 6, 2015 decision ("7/16/15 Decision," Exhibit A), wherein the court adhered to its earlier September 29, 2014 confirmation decision, following Debtor's subsequent motion to renew and reargue.

6. For seventeen years, Jacob Fetman was the chief financial officer of Aish New York, a non-profit corporation. 7/16/15 Decision, p.1

7. In October 2013, the Debtor and Aish New York agreed to a Beis Din arbitration with Rabbi Dovid Cohen ("Arbitrator") regarding the Debtor's alleged unauthorized extension of a lease agreement on behalf of Aish. 7/16/15 Decision, p.1

8. The arbitration was conducted in four sessions between October 13, 2013 and December 9, 2013. 7/16/15 Decision, p.1

9. At the first session of the arbitration, held October 13, 2013, testimony was elicited that in addition to the lease agreement, the Debtor had opened secret bank account's in Aish's name, made unauthorized loans from the Company, and stole Aish's funds.

10. On October 22, 2013, prior to proceeding with the second session, the parties signed a second agreement to arbitrate the now-augmented scope of Aish's allegations that the Debtor stole Aish's funds and controlled secret bank accounts. 7/16/15 Decision, p.1-2

11. At the completion of the second session, the Arbitrator issued a directive requiring the Debtor and his wife to produce their financial records. The Debtor provided some of these materials at the third session, which took place on October 30,2013, but as the records provided were incomplete, the Arbitrator issued a second, more extensive directive requiring the production of additional financial records, unrestricted access to e-mail accounts, and directing the Debtor "to prove that all funds deposited into the accounts belong to him; all amounts that Mr. Fetman is unable to prove ownership of must be paid promptly by Mr. Fetman to Aish." The directive further required the Debtor to provide funds to be held in escrow pending completion of the proceedings and directed that no assets be transferred without permission of the Arbitrator. The Debtor thereafter complied with the latter directives by providing $500,000 to the Ober Kaler law firm to be held in escrow, and gave the Arbitrator a power of attorney over the Debtor's financial assets and over certain real property. 7/16/15 Decision, p. 2

12. On December 17, 2013, the Arbitrator issued the Award, granting Aish $20,000,000 "since the forensic accountant who went through some documents notified us that at least $2.4 million was stolen by Mr. Fetman, and since the books and records that were examined since Mr. Fetman's employment make it likely to the examiner that approximately $20,000,000 was stolen from Aish Hatorah over the years." 7/16/15 Decision, p.4.

13. In a decision dated September 30, 2014, the Supreme Court of Kings County confirmed the arbitration award. (Exhibit B).

14. By the 7/16/15 Decision, the Supreme Court of Kings County denied the Debtor’s motion for reconsideration and adhered to its prior confirmation, as discussed. (Exhibit A).

15. On or about October 31, 2015, the Debtor plead guilty to grand larceny on charges relating to a portion of the stolen funds.

**OBJECTION TO DISCHARGEABILITY UNDER 11 U.S.C. §523(A)(2)**

16. Aish New York incorporates by reference and re-alleges the allegations contained in paragraphs one through fifteen.

17. As Aish New York's chief financial officer, the Debtor had a fiduciary obligation to Aish New York to safeguard and account for Aish's funds.

18. In the arbitration award, the Arbitrator found that the Debtor stole $20,000,000 from Aish New York.

19. The Supreme Court confirmed the arbitration award including the arbitrator's finding that the Debtor stole or misappropriated $20,000,000.

20. Aish New York is entitled to the entry of a final judgment: determining that any and all debt, including attorney's fees and costs, owed by defendant to plaintiff be excepted from the defendant's discharge pursuant to 11 U.S.C. §523(a)(2)(A).

**OBJECTION TO DISCHARGEABILITY UNDER 11 U.S.C. §523(A)(4)**

21. Aish New York incorporates by reference and re-alleges the allegations contained in paragraphs one through twelve.

22. In the arbitration award, the Arbitrator found that the Debtor stole $20,000,000 from Aish New York.

23. The Supreme Court confirmed the arbitration award including the arbitrator's finding that the Debtor stole or misappropriated $20,000,000.

24. Aish New York is entitled to the entry of a final judgment: determining that any and all debt, including attorney's fees and costs, owed by defendant to plaintiff be excepted from the defendant's discharge pursuant to 11 U.S.C. §523(a)(4).

## CONCLUSION

WHEREFORE, Aish respectfully requests that the Court enter an order granting the relief requested herein, and that the Court grant such other relief as may be just and proper.

Dated: New York, New York
March 14, 2016

**BACKENROTH FRANKEL & KRINSKY, LLP**
Attorneys for Aish

By: s/Mark A. Frankel
800 Third Avenue
New York, New York 10022
(212) 593-1100

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re

Jacob Fetman,

Debtor.
--------------------------------------------------------x
Aish Hatorah New York, Inc.,

Plaintiff

-against-

Jacob Fetman,

Defendant.
-----------------------------------------------------------x

Chapter 7

Case no. 15-43716

Adv. Proc. No. ________________

**VERIFICATION**

Under penalty of perjury, the undersigned hereby verifies and certifies that he is an officer of Aish Hatorah New York, Inc. and is authorized to make this verification, that he has read the annexed pleading, and that he believes the facts stated therein to be true, to the best of his knowledge and belief.

Dated: New York, New York
March 9, 2016

s/_Yitz Greenman________________