UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:                                                                     Case No. 15-43716-nhl

Jacob Fetman,                                                        Chapter 7

                                          Debtor.
---------------------------------------------------------X
Aish Hatorah New York, Inc.,

                                          Plaintiff,               Adv. Pro. No. 16-01064-nhl
v.

Jacob Fetman,

                                          Defendant.
---------------------------------------------------------X

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

Upon the motion of Aish Hatorah New York, Inc. ("Aish" or "Plaintiff"), seeking entry

of an order, pursuant to Federal Rule of Civil Procedure 56, made applicable here by Bankruptcy

Rule 7056, granting summary judgment and finding certain debt owed to it by Jacob Fetman (the

"Debtor" or "Defendant") to be nondischargeable (the "Motion for Summary Judgment"); and

upon the reply of the Debtor in opposition thereto (the "Reply"); and upon the hearings held

before this Court on October 6, 2016 and November 8, 2016 (the "Hearings"); and upon the

entire record of this case, and after due deliberation and sufficient cause appearing therefor,

## IT IS FOUND AND DETERMINED THAT:

1.        On March 14, 2016, Plaintiff commenced the instant adversary proceeding against

the Debtor seeking a determination that the arbitration award of the Beis Din rendered against

the Debtor in the amount of $20,000,000 (the "Award") is nondischargeable pursuant to

§ 523(a)(2) and (4) of the Bankruptcy Code.

2.    Plaintiff now moves for summary judgment on the basis that the Award has collateral estoppel effect.

3.    In order to decide whether there exists any genuine issues of material fact, the Court must determine the Award's preclusive effect, and the law of preclusion that should be applied to the Award.

4.    Under the full faith and credit statute, "judicial proceedings . . . have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken." 28 U.S.C. § 1738.

5.    Accordingly, "[a] federal court must construe the preclusive effect of a prior state court judgment using the law of the state that issued the judgment." *Munoz v. Boyard (In re Boyard)*, 538 B.R. 645, 652 (Bankr. E.D.N.Y. 2015) (citing *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985); *Wharton v. Shiver (In re Shiver)*, 396 B.R. 110, 117 (Bankr. S.D.N.Y. 2008) ("[A] state court judgment must be given preclusive effect, at least for collateral estoppel purposes, in a subsequent federal court proceeding if the state in which the judgment was rendered would do so.")).

6.    Here, because the Award was confirmed by the New York Supreme Court, Kings County, its preclusive effect is determined under New York law. *See In re Sokol*, 113 F.3d 303, 306 (2d Cir. 1997).

7.    Under New York law, collateral estoppel bars the relitigation of issues decided in an earlier proceeding when four conditions are met: (1) the issue sought to be precluded must be the same as that involved in the prior action; (2) the issue must have been actually litigated and decided; (3) the parties must have had a full and fair opportunity to litigate in the prior

2

proceeding; and (4) the issue previously litigated must have been necessary to support a valid and final judgment on the merits. *In re Sokol*, 181 B.R. 27, 29 (S.D.N.Y. 1995) (citing *Gelb v. Royal Globe Ins. Co.*, 798 F.2d 38, 44 (2d Cir. 1986)), *aff'd and remanded*, 113 F.3d 303 (2d Cir. 1997).

8.      This Court has previously held that "[a] prior adjudication may have preclusive effect in a subsequent dischargeability proceeding if the elements of the claims in the prior proceeding are identical to the elements of § 523(a)." *Boyard*, 538 B.R. at 653 (citing *Grogan v. Garner*, 498 U.S. 279 (1991)).

9.      Section 523(a)(2)(A) provides that certain debt is nondischargeable to the extent it was obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C § 523(a)(2)(A).

10.     Section 523(a)(4) provides that any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny" is nondischargeable. 11 U.S.C § 523(a)(4).

11.     In *Boyard*, the Court determined that the arbitrator had made "explicit findings of fact and conclusions of law," which findings were entitled to preclusive effect. *Boyard*, 538 B.R. at 653. Here, by contrast, the arbitrator failed to make explicit findings of fact and conclusions of law in the Award itself.

12.     While an arbitrator's failure to make explicit findings of fact is "not necessarily fatal to an award's preclusive effect so long as findings of fact are necessarily implied from the nature of the claim and award . . . if an arbitrator fails to make even implied findings of fact, however, the arbitration decision is ambiguous and the identity prong is not satisfied." *Id.* (citations omitted).

3

13.     In *Boyard*, this Court determined that the factual findings made by the arbitrator satisfied the elements of embezzlement under § 523(a)(4). *Id.* at 654. In so finding, the Court held that, "*[a]s set forth throughout the Award*, the Defendant's conduct and dealings with the Plaintiff strongly imply a fraudulent intent." *Id.* (emphasis added). Here, however, the arbitrator failed to make even the implied findings of fact necessary to satisfy the identity of elements under § 523(a) for purposes of collateral estoppel.

14.     Embezzlement is defined as "the fraudulent appropriation of property by a person to whom such property has been intrusted, or into whose hands it has lawfully come." *Moore v. United States*, 160 U.S. 268, 269 (1895). Embezzlement requires a showing that: "(1) the debtor rightfully possessed another's property; (2) the debtor appropriated the property for use other than the use for which the property was entrusted; and (3) the circumstances implied a fraudulent intent." *E.g.*, *Boyard*, 538 B.R. at 654 (quoting *Indo-Med Commodities, Inc. v. Wisell (In re Wisell)*, 494 B.R. 23, 40 (Bankr. E.D.N.Y. 2011)); *Ne. Remarketing Servs., Inc. v. Guthier (In re Guthier)*, No. 09–50008, 2010 WL 1443989, at *6 (Bankr. N.D.N.Y. Apr. 9, 2010); *see also Nate B. & Francis Spingold Found., Inc. v. Halperin (In re Halperin)*, 215 B.R. 321, 336 (Bankr. E.D.N.Y. 1997) ("While the state court decision is replete with references to fraudulent intent and seems to rely on evidence of that intent, *it still lacks specific findings regarding the actions of the Defendant*. The decision does not with any clarity find that the Defendant committed actions fulfilling the requirements of § 523(a)(2)(A)." (emphasis added)).

15.     Plaintiff incorrectly asserts that the "Arbitrator's finding . . . constitutes embezzlement within the meaning of 11 U.S.C. § 523(a)(4)." ECF No. 7-1, p. 11.

16.    Here, the arbitrator's findings in the Award rendered December 17, 2013, in its

entirety, are as follows:

> Concerning the controversy between Aish Hatorah, represented by Rabbi
> Yitz Greenman, and Mr. Jacob Fetman, who have chosen me as arbitrator,
> I have come to the following conclusion. Since Mr. Fetman has admitted to
> me and others who were present at the meetings between us, and since the
> forensic accountant who went through some documents notified us that at
> least $2.4 million was stolen by Mr. Fetman, and since the books and
> records that were examined since Mr. Fetman's employment make it likely
> to the examiner that approximately $20,000,000 was stolen from Aish
> Hatorah over the years… I hereby rule that Mr. Jacob Fetman owes
> $20,000,000 to Aish Hatorah. All properties and entities that can be traced
> that they belong or are controlled by Mr. Fetman can be confiscated by Aish
> Hatorah. I so rule!

*E.g.*, ECF No. 6-2, Award dated December 17, 2013 (emphasis in original).

17.    As per the plain language of the Award, the requisite findings necessary to

establish the identity of elements for embezzlement under § 523(a)(4) are absent. The Award

merely contains a one-sentence conclusion that the Defendant stole a certain sum from Plaintiff,

which appears to be based upon an unidentified admission, a notification, and a "likely"

supposition, all of which are vague at best. Clearly, the Award falls far short of containing the

type of specific findings regarding the Defendant's actions that are required to demonstrate the

elements of embezzlement within the meaning of § 523(a)(4). Thus, the Plaintiff may not avail

itself of collateral estoppel as it has not met its burden in establishing that an identity of issues

exist between the arbitrator's findings of fact in the Award, and the elements of embezzlement

under § 523(a)(4).[1]

---

[1]    The Court notes that while the Plaintiff commenced the adversary proceeding seeking nondischargeability
of the Defendant's debt pursuant to § 523(a)(2)(A) and (4), in its Motion for Summary Judgment, the Plaintiff only
raised the issue of the Award's collateral estoppel effect as to "embezzlement" under § 523(a)(4).
        In order to demonstrate entitlement to relief for a claim for false representation under § 523(a)(2)(A), a
plaintiff must establish that: "(1) the [debtor] made a false or misleading statement, (2) with intent to deceive, (3) in
order for the plaintiff to turn over money or property to the [debtor]." *See In re Ippolito*, No. 12-8403-ast, 2013 WL

18.    Plaintiff also incorrectly contends that the Defendant's "guilty plea to grand larceny with respect to a portion of the assets that he stole," serves to confirm that the arbitrator's finding—that Defendant owes $20,000,000 to Aish—constitutes embezzlement pursuant to § 523(a)(4).[2] *See* ECF No. 7-1, pp. 10-11. Plaintiff cannot utilize the guilty plea made in a separate proceeding to augment the deficiencies in the Award with respect to the requisite findings necessary under § 523(a).

Based upon the foregoing, it is hereby

**ORDERED**, that the Motion for Summary Judgment, based upon collateral estoppel, is denied as set forth herein; and it is further

---

828316, at *5 (Bankr. E.D.N.Y. Mar. 6, 2013) (internal citations omitted). To establish a claim for actual fraud, a plaintiff must show that: "(1) the defendant made a false representation; (2) the defendant knew it was false at the time is was made; (3) the defendant made the representation with the intention of deceiving the plaintiff; (4) the plaintiff justifiably relied on the representation; and (5) the plaintiff sustained damages that were proximately caused by the false material representation." *Id.*; *see also In re Olwan,* 312 B.R. 476, 482 (Bankr. E.D.N.Y. 2004); *In re Giuffrida,* 302 B.R. 119, 123 (Bankr. E.D.N.Y. 2003). Finally, to establish a claim for false pretenses, a plaintiff must show that: "(1) the [defendant] made an omission or implied misrepresentation, (2) promoted knowingly and willingly by the defendant[ ], (3) creating a contrived and misleading understanding of the transaction on the part of the plaintiff[, and] (4) which wrongfully induced the plaintiff[ ] to advance money, property, or credit to the defendant." *Ippolito,* 2013 WL 828316, at *6 (alteration in original) (internal citations omitted).

However, in any event, the Award also lacks findings with respect to the requisite elements of "false pretenses, a false representation, or actual fraud" under § 523(a)(2)(A) for purposes of collateral estoppel.

[2]    The Court notes that the Debtor pled guilty to grand larceny in a subsequent proceeding. In the *Order Granting Stay Relief in Part* dated May 5, 2016, entered in the Debtor's main case (15-43716), the Court made the following finding of fact:

On or about October 29, 2015, the Debtor plead [sic] guilty to grand larceny in the Supreme Court of Kings County and on the Debtor's consent, the Debtor was ordered to pay $140,477.31 restitution (the "Restitution Funds") to Aish from the Escrow, (which had been established during a pre-petition arbitration between the Debtor and Aish).  By stipulation dated October 27, 2015 Merkaz The Center, Inc. ("Merkaz"), its officers and directors past and present, relinquished any claim they may have to the Restitution Funds and consented to the release of the Restitution Funds subject to Bankruptcy Court approval.

*See* Case No. 15-43716 Jacob Fetman, ECF No. 105, May 5, 2016 Lift Stay Order ¶ 7.
    However, in seeking to invoke collateral estoppel for embezzlement under § 523(a)(4), the Plaintiff improperly relies on this subsequent proceeding to assert that any such findings were made within the Award itself. Moreover, in its Motion for Summary Judgment, the Plaintiff did not specifically raise the issue of collateral estoppel as to the Restitution Funds (as defined in the May 5, 2016 Lift Stay Order).

**ORDERED**, that the parties shall appear before the Court in connection with the pretrial

conference on this adversary proceeding on **<u>April 5, 2016 at 2:30 p.m.</u>**



Dated: March 31, 2017
     Brooklyn, New York

                                         **Nancy Hershey Lord**
                              **United States Bankruptcy Judge**